**IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **Maria Rosibel Nolasco** | * | |
| **Plaintiff** | * | |
| v. | * | Case No.: 1:17-cv-01407-LO-TCB |
| **Huong Binh Foods, Inc., et al.** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Ms. Maria Rosibel Nolasco, together with Defendants, Huong Binh Foods, Inc. and Mr. Quang Le ("Defendants"), respectfully request that the Court approve a settlement agreement that they have reached concerning Plaintiff's lawsuit alleging unpaid minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207. The Parties seek the Court's approval of the agreement because claims under the FLSA, like those released by Plaintiff in the Settlement Agreement between the parties ("Agreement"), may not be waived or released without U.S. Department of Labor or Court approval. *See* 29 U.S.C. § 216(c); *see also Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005) vacated on other grounds 493 F.3d 454 (4th Cir. 2007) ("Again, the Supreme Court has consistently held that the rights guaranteed by the FLSA cannot be waived by private agreement between the employer and employee. Claims for FLSA violations can, of course, be settled when the settlement is supervised by the DOL or a court."); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010). The Parties further aver that:

1. On December 8, 2017, Plaintiff Maria Rosibel Nolasco, a former employee of Defendants' "Huong Binh Bakery & Deli" located in Falls Church, Virginia, filed a Complaint in the United States District Court for the Eastern District of Virginia seeking relief and recovery against Defendants for an alleged minimum wage and overtime wage violations under the Fair Labor Standards Act (FLSA). The basis of the Complaint is that during the relevant employment period, Plaintiff did not receive minimum wages and overtime pay for certain hours allegedly worked each week.

2. Defendants do not challenge many of the allegations set forth in the Complaint. However, Defendants dispute that the Plaintiff worked the amount of hours alleged and employee status under the FLSA. Additionally, Defendants assert that they did not believe their pay practices were inconsistent with the FLSA (and therefore if a violation occurred, it was non-willful), and further assert that the imposition of liquidated damages is unwarranted in this case. Defendants contend that they do not have the financial ability to pay the value of a full judgment, plus attorneys' fees and costs.

3. For various reasons, the parties wish to avoid the cost, uncertainty, and demands associated with litigating this case fully, and they have elected to resolve the case by way of a negotiated compromise.

4. The Parties' proposed Settlement Agreement is attached hereto as Exhibit 1.

5. Prior to reaching this Settlement Agreement, Counsel for Plaintiff and Defendants underwent settlement discussions. The Parties exchanged correspondence, emails and telephone calls regarding the nature and extent of Plaintiff's claims. Included in these communications were detailed calculations of each parties' respective position.

6. As set forth in the Settlement Agreement, the Parties agreed to a total gross settlement of $19,500.00. Of that settlement amount, $19,100.00 will be paid to the Plaintiff as compensation for alleged minimum wage and overtime wage damages (compensatory and liquidated damages) and $400.00 will be paid to Plaintiff's counsel to cover the cost of filing this lawsuit. There is no contingency fee (or other legal fee) being charged or collected in this case.

7. Based on the information and documents exchanged between the Parties in conjunction with considering Plaintiff's demand, the Parties believe that the agreed settlement amount is fair and reasonable and constitutes a fair compromise of the claim.

8. The Fourth Circuit Court of Appeals has followed the guidelines for approval of an FLSA settlement set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982); *see e.g. Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, 2009 WL 3094955, at *8 (E.D. Va. Sept. 18, 2009); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

9. An FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. 29 U.S.C. 216(c); *Lynn's Food Stores*, 679 F.2d at 1354. In this instance, the Parties seek this Court's approval of their Agreement. When reviewing a proposed settlement of an FLSA claim, the Court must "scrutinize the settlement for fairness" and decide whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1353, 1355. Four factors should be examined to determine whether a

3

proposed settlement is fair and reasonable: (i) was the settlement achieved in an adversarial context? (ii) was the plaintiff represented by an attorney who can protect her rights? (iii) does the settlement reflect a reasonable compromise over issues that are actually in dispute? and (iv) is the settlement fair? *Id.* at 1354.

10. With regard to these factors, it is significant to note the following. This matter was settled as a result of an adversarial proceeding (this lawsuit) and an exchange of information and settlement negotiations which transpired between the Parties' counsel, with the Parties' knowledge and participation. The Parties settled this matter only after significant negotiation, information exchange and a review of governing statutes and case precedent. Throughout this litigation, Plaintiff was represented by Counsel who adequately protected her rights. Plaintiff's attorney, Nicholas Marritz, has served as counsel in numerous FLSA cases in the Eastern District of Virginia. *Avila Flores v. Rababeh*, Case No. 1:15-cv-1415-TSE-TCB; *Rivas v. Saldivar & Assoc's, Inc.*, Case No. 1:16-cv-343-LMB-JFA; *Claros v. Sweet Home Improvements, Inc.*, Case No. 1:16-cv-344-AJT-MSN; *Espinoza Dubon v. Reliable Assets, Inc.*, Case No. 1:16-1172-AJT-MSN; *Brito v. Precision Laminate Workshop, Inc.*, Case No. 1:17-cv-93-LMB-MSN; *Rodriguez v. Capital Commercial Solutions, LLC*, Case No. 1:17-cv-112-TSE-JFA; *Sanchez Ramos v. Bawadi, Inc.*, Case No. 1:17-cv-924-LMB-TCB. He has served as counsel in four FLSA cases in other federal courts. *Villalobos v. Calandri Sonrise Farms LP*, 2:12-cv-2615 (C.D. Cal.); *Smith v. Bulls-Hit Ranch & Farm*, 3:12-cv-449 (M.D. Fla.); *Jimenez v. GLK Foods, LLC*, 1:12-cv-209 (E.D. Wis.) and *Ramirez v. GLK Foods, LLC*, 1:12-cv-210 (E.D. Wis.); *Ruiz v. Fernandez*, 2:11-cv-3088 (E.D. Wash.) (not counsel of record). The Plaintiff is not compromising her FLSA claims: based on Plaintiff's own allegations,

she is receiving more than the actual damages she is owed under a two-year statute of limitations. Furthermore, the Parties agree that the settlement is fair, just and adequate to settle Plaintiff's claims.

11. The Court should also take into account the risks inherent in litigation. "The fact that a proposed settlement may only amount to a fraction of the potential recovery does not indicate that the settlement is not fair and reasonable" after taking into account the risks and costs of litigation. *Quintanilla v. A&R Demolition, Inc.*, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008) (quoting *Parker v. Anderson*, 667 F.2d 1204, 1210 n.6 (5th Cir. 1982)) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)). Courts have recognized a role for less-than-full-value compromise in the FLSA settlement process." *Galvez v. Americlean Services Corp.*, 2012 WL 2522814, *4 (E.D. Va. June 29, 2012) (*citing Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 57-58 (E.D.N.Y. 2010) (approving settlement of FLSA claims at thirteen to seventeen percent of maximum recovery).

12. The endorsement of the settlement by counsel for the parties is a "factor [that] weighs in favor of approval." *Quantilla*, 208 WL 9410399, at *5. In reviewing the opinions of counsel, "a court should bear in mind that counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Id.* at *5 (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)). Plaintiff's Counsel is fully aware of the factual contentions of the Plaintiff and is in the best position to opine as to whether this settlement produces fair results after consideration of risks.

13. Consistent with the language in the Settlement Agreement, Plaintiff represents and agrees that the settlement payments reflect a fair compromise of all of Plaintiff's minimum wage and overtime wage claims, which are disputed by Defendants.

WHEREFORE, for the forgoing reasons, the Parties respectfully request that this Honorable Court enter the accompanying Order, thereby approving the terms of the Parties' Agreement, and dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ (signed with permission) | /s/ |
| Nicholas Cooper Marritz, Esq. | Howard B. Hoffman, Esq. |
| Virginia Bar. No. 89795 | Virginia Bar No. 88694 |
| Legal Aid Justice Center | Attorney at Law |
| 6066 Leesburg Pike, Ste. 520 | 600 Jefferson Plaza, Suite 304 |
| Falls Church, Virginia 22041 | Rockville, Maryland 20852 |
| (703) 778-3450 [tele] | (301) 251-3752 [tele] |
| (703) 778-3454 [fax] | (301) 251-3753 [fax] |
| nicholas@justice4all.org | hhoffman@hoholaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on this day of 20th day of February, 2018, a copy of the foregoing Memorandum in Support of Joint Motion for Approval of FLSA Settlement, was filed via with the Clerk of the Court for the U.S. District Court for the Eastern District of Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Nicholas Cooper Marritz, Esquire
>Legal Aid Justice Center
>6066 Leesburg Pike, Suite 520
>Falls Church, Virginia 22041

>*/s/ Howard B. Hoffman*
>Howard B. Hoffman