# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this 20th day of February, 2018, by and between Maria Rosibel Nolasco ("Plaintiff") and Huong Binh Foods, Inc. and Mr. Quang Huu Le (collectively, "Defendants"). Plaintiff and the Defendants are collectively referred to as the "Parties."

**WHEREAS**, Plaintiff performed services at the Huong Binh Bakery & Deli restaurant located in Falls Church, Virginia; and after the relationship was terminated, Plaintiff contended that Defendants owed Plaintiff unpaid minimum wages and overtime wages;

**WHEREAS**, Plaintiff has pending against Defendants an action in the United States District Court for the Eastern District of Virginia, styled Nolasco v. Huong Binh Foods, Inc., et al., Case No. Case 1:17-cv-1407-LO-TCB (the "Lawsuit"), alleging unpaid minimum wages and overtime wages under the Fair Labor Standards Act (FLSA), including claims for statutory/liquidated damages, attorney's fees, costs, and interest;

**WHEREAS**, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiff;

**WHEREAS**, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with the Parties' working relationship with each other;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid unnecessary and/or expensive litigation, it is hereby agreed by and between the Parties as follows:

1. **CONSIDERATION.** In consideration of Plaintiff's decision to enter into and execute this Agreement, Defendants shall agree to pay Plaintiff, through her counsel, the total sum of Nineteen Thousand Five Hundred Dollars ($19,500.00) for the releases set forth herein, and to settle all claims involving Plaintiff's Lawsuit, including but not limited to, claims for unpaid minimum wages, overtime wages, statutory/liquidated damages, and attorneys' fees, costs, and interest.

2. **PAYMENT.** Defendants agree to pay the above settlement amount subject to the following terms and payable as follows:

    a. Defendants agree to pay Four Thousand Dollars ($4,000.00) within five (5) business days, by certified or cashier's check, following approval of this Agreement by the U.S. District Court, payable to "Legal Aid Justice Center – Client Trust Account," which shall include all payments in satisfaction of Plaintiff's claims for minimum wages, overtime wages, statutory/liquidated damages, interest, and attorneys' fees and costs;

b. Defendants agree to pay to Plaintiff, by certified or cashier's check payable to "Legal Aid Justice Center – Client Trust Account," One Thousand Five Hundred Dollars ($1,500.00) on the fifteenth (15th) of month following approval of this Agreement by the U.S. District Court;

c. Defendants further agree to pay Plaintiff, by certified or cashier's check payable to "Legal Aid Justice Center – Client Trust Account," c/o the Legal Aid Justice Center, ten (10) additional consecutive payments of One Thousand Four Hundred Dollars ($1,400.00) on the fifteenth (15th) of the month thereafter, until the total payment of $19,500.00 has been received by the Legal Aid Justice Center, on behalf of Plaintiff.

d. Defendants agree that they will send the payment set forth in sub-paragraphs 2(a)-(c) so that they are received by Plaintiff's lawyer, Nicholas Cooper Marritz, Esq. of the Legal Aid Justice Center, on or before the day in which the installment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due). Defendants bear the risk of non-receipt.

e. For tax purposes, the payment set forth in paragraph 2(a) shall be paid without any withholding and shall be reported to the IRS as paid to Legal Aid Justice Center's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

f. In order to guarantee that timely payments will be tendered to Plaintiff's counsel, Defendants will execute a Confessed Judgment Promissory Note ("Promissory Note"), attached hereto as (Exh. A), with its terms incorporated herein by reference.

3. **APPROVAL BY COURT / DISMISSAL WITH PREJUDICE** Upon full execution of this Agreement, Defendants' counsel shall file with the Court a Joint Motion to Approve the Settlement Agreement (the "Motion"). The Motion is attached to this Agreement as Exhibit A. The Motion shall attach a copy of this Agreement and shall request that the Court approve this Agreement and dismiss this Lawsuit with prejudice. The Parties agree that this Agreement is contingent upon the U.S. District Court for the Eastern District of Virginia's approval of all the material terms of the Agreement and the granting of the Motion, and should the U.S. District Court for the Eastern District of Virginia not approve all the material terms of this Agreement, the Agreement will be null and void and no legal effect. No party shall have the right to appeal any decisions, orders, or judgments entered in this Lawsuit that approves this settlement and then dismisses the Lawsuit with prejudice.

   **4.** **FULL AND FINAL RELEASE.** Except for Defendants' obligations under this Agreement, in consideration for the payment being provided to Plaintiff's counsel by Defendant, Plaintiff, for herself, and for her attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants, including, as applicable, all of Defendants' heirs, executors, administrators, parents, subsidiaries and/or any alleged affiliated or commonly-controlled companies or companies alleged to form a single enterprise or joint employer, as well as their and their successors, assigns, officers, owners, supervisors, members, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the cessation of Plaintiff's alleged employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), improper deductions for housing, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and 1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Virginia Payment of Wage Law; and the Virginia Minimum Wage Act; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants and other Releasees. This Agreement does not bar either party from bringing an action to enforce the terms of this Agreement in the event of a breach and/or default.

   a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

   b. Plaintiff expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

   c. Plaintiff represents that she has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which Plaintiff had, has, or may have against Releasees.

  d.  Plaintiff also expressly waives any right or claim that Plaintiff may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

  **5. RIGHT TO FILE A CHARGE/COMPLAINT OR PARTICIPATE IN GOVERNMENT INVESTIGATION**: **Nothing contained anywhere in this Agreement, and no obligation set forth anywhere in this Agreement, including, but not limited to, the General Release and the Non-Disparagement and Non-Publicity obligations, is intended to, or will, preclude Plaintiff from filing any charge or complaint with any government agency, including the Equal Employment Opportunity Commission or National Labor Relations Board, or participating in, or cooperating with, any lawful government investigation, or Defendants from defending against same. The initiation of a charge or complaint with a government agency, and/or the participation in, or cooperation with, or defense of, a government investigation shall not be considered a breach of any obligation otherwise set forth in this Agreement. However, by signing this Agreement, Plaintiff agrees and acknowledges that she is waiving and releasing any right to receive further or additional monetary relief or individualized equitable relief. The consideration provided in this Agreement, as set forth above, shall constitute the full extent of any individual relief to which Plaintiff is entitled regarding anything occurring on or before the date on which she signs this Agreement, including anything regarding Plaintiff's alleged employment with the Defendants and Releasees and/or the termination of that relationship.**

  6. **NO OTHER CLAIMS.** Plaintiff represents and warrants that Plaintiff has not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants (or any Releasee) with any court other than the Lawsuit, and Plaintiff hereby promises that Plaintiff will not file, or assign to others the right to file, or make any further claims against the Defendants and/or any of the Releasees, on behalf of herself or others, at any time for actions taken up to and including the date Plaintiff executes this Agreement. Plaintiff waives all collective and/or class allegations and withdraws, and if filed, agrees to dismiss same with prejudice, and neither Plaintiff, nor any of Plaintiff's attorneys, shall amend this lawsuit or otherwise file additional pleadings, motions or papers, other than those pleadings, motions and/or papers necessary to seek approval of this Agreement or engage in enforcement proceedings.

  7. **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT.** This Agreement shall not be construed as an admission by the Defendants or Releasees of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants and Releasees do not admit, and specifically deny, any liability to Plaintiff, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and that Defendants are entering into this Agreement and providing the payment and benefits set forth herein solely

4

for the purpose of avoiding the burdens and expenses of further litigation. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind have been made by any court of law or administrative agency.

      **8.**    **NON-DISPARAGEMENT.** Both parties agrees not to make any disparaging or derogatory statements about each other to any third party. In the event one party or the other discloses information about the other pursuant to a government investigation, subpoena or court order, the disclosing party shall provide truthful information in good faith.

      **9.**    **GOVERNING LAW/VENUE.** This Agreement is to be interpreted, enforced, and governed by and under the laws of Virginia, without giving effect to the conflict of laws rules and principles thereof. The Parties agree that this Agreement is made within Fairfax County, Virginia and venue shall be within any courts with jurisdiction over Fairfax County Virginia for purposes of resolving any and all disputes under this Agreement.

      **10.**    **SOLE AND ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

      **11.**    **NO OTHER PROMISES.** All parties affirm that the only consideration for Plaintiff signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with the other party by any person or entity to persuade or cause any party to execute this document, and that both parties fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect. Defendants understand their promise to pay in accordance with the Promissory Note, and that failure to maintain payment obligations will result in a judgment against them for the balance of the Promissory Note.

      **12.**    **LEGALLY BINDING AGREEMENT.** All parties, in receiving a copy of this Agreement, acknowledge that they have been advised in writing to seek the advice of their attorney before signing this Agreement, they have each had adequate opportunity to so consult, and has so consulted. Plaintiff understands and acknowledges that upon Court approval of this Agreement: (a) that this is a legally binding release contingent upon Court approval of this Agreement; (b) that by signing this Agreement, Plaintiff is hereafter barred from instituting claims against any of the Releasees in the manner and to the extent set forth in Paragraphs 3, 4, 5, and 6; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants, Releasees, and Plaintiff, and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

      **13.**    **CONSTRUCTION.** This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

      **14.**    **SEVERABILITY.** Each provision of this Agreement shall be considered severable, and if any provision of this Agreement (except Sections 2 and 4) shall be held illegal, invalid, or otherwise unenforceable under controlling law, the remaining provisions of this Agreement shall not be affected thereby but shall continue in effect.

15. **HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

16. **AGREEMENT IS KNOWING AND VOLUNTARY.** Both parties further represent and acknowledge that none of the Defendants or other Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. All parties represent and warrant that they have fully discussed this Agreement with their respective attorneys, have consulted with a translator of their choosing if they deem translation to be necessary and/or desirable, that they understand all terms, and that their respective execution of this Agreement is completely voluntary.

17. **ELECTRONIC SIGNATURES/COUNTER-PARTS**. Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but that such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Virginia's Uniform Electronic Transactions Act (UETA), Va. Code §§ 59.1-479, *et seq.*

***PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.***

| Date: | |
|---|---|
| | Maria Rosibel Nolasco |
| | For: Huong Binh Foods, Inc. and himself, individually |
| 19/02/2018 | By: *Quang Huu Le* (DocuSigned, 48C16D37D9A344E...) |
| | Name: Quang Huu Le |
| Date: | Title: Principal |

**15. HEADINGS.** The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

**16. AGREEMENT IS KNOWING AND VOLUNTARY.** Both parties further represent and acknowledge that none of the Defendants or other Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence them to sign this Agreement, except those promises and other statements which are expressly set forth herein. This Agreement has been prepared in English and its English interpretation shall only apply to the Agreement and shall be binding upon the parties. All parties represent and warrant that they have fully discussed this Agreement with their respective attorneys, have consulted with a translator of their choosing if they deem translation to be necessary and/or desirable, that they understand all terms, and that their respective execution of this Agreement is completely voluntary.

**17. ELECTRONIC SIGNATURES/COUNTER-PARTS.** Defendants and Plaintiff agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but that such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures may be made and delivered electronically to the fullest extent permitted under the Virginia's Uniform Electronic Transactions Act (UETA), Va. Code §§ 59.1-479, *et seq.*

***PLEASE READ THIS DOCUMENT CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.***

| | |
|---|---|
| Date: 2-20-18 | *Maria Nolasco* <br> Maria Rosibel Nolasco |
| Date: | For: Huong Binh Foods, Inc. and himself, individually <br><br> By: _____ <br> Name: Quang Huu Le <br> Title: Principal |

6

Exhibit A

# PROMISSORY NOTE

## IMPORTANT NOTICE

**THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.**

FOR VALUE RECEIVED, the undersigned Huong Binh Foods, Inc. and Mr. Quang Huu Le (collectively referred to as "*Borrower*") promises to pay to the order of Legal Aid Justice Center ("*Lender*"), whose address is _____ principal sum of nineteen thousand five hundred U.S. dollars ($19,500.00) (the "*Principal Sum*"), together with interest on any unpaid principal amount, until paid in full, except to the extent a portion of said Principal Sum is waived as provided for herein.

Borrower shall make payment to Lender of the entire Principal Sum, or of the unpaid amount thereof to the extent Installment Payments, as defined below, have already been paid, upon the earliest occurrence of the following:

(a) Demand by the Lender upon the occurrence of an Event of Default, as defined below, and in accordance with the terms of this Promissory Note; or

(b) The date on which either Borrower fails generally to pay its respective debts as such debts become due, makes an admission in writing of their inability to pay their debts as such debts become due, makes any general assignment for the benefit of creditors, or on which either borrower declares bankruptcy.

Interest on the Principal Sum shall accrue and be payable at a per annum fixed rate (computed and accrued on a 360-day basis) equal to ten percent (10 %) per year, compounded quarterly; provided, however, that in no event shall interest begin to accrue prior to an Event of Default.

Upon the default by Borrower to make an Installment Payment, as defined below, at the time required (and after the expiration of a grace period of five (5) business days) (an "*Event of Default*"), the entire unpaid Principal Sum hereof and all accrued and unpaid interest thereon shall be accelerated, and shall become immediately due and payable at the option of and upon the demand of the Lender. In addition thereto, and not in substitution thereof, the Lender shall be entitled to exercise any one or more of the rights and remedies provided by applicable law, including, without limitation, an offset of any monies owed to Borrower by Lender, which offset amounts shall be applied first to accrued interest and second to a reduction of the principal amount due. Failure to exercise said option or pursue such other remedies shall not constitute a waiver of such option or such remedies or the right to exercise any of the same in the event of any subsequent Event of Default.

Borrower QHL

Borrower shall make each and every payment set forth immediately below (each, an *"Installment Payment"*) at the time required (or not later than the expiration of a grace period of five (5) business days).

Installment Payments:

a. Four Thousand U.S. Dollars ($4,000.00) – Within five (5) business days following Court approval of a Settlement Agreement between the Parties;
b. One Thousand Five Hundred U.S. Dollars ($1,500.00) – By the fifteenth (15th) of month following approval of this Agreement by the U.S. District Court;
c. One Thousand Four Hundred U.S. Dollars ($1,400.00) – By the fifteenth (15th) of the month, for ten (10) consecutive months thereafter, until the total payment of $19,500.00 has been received by the Legal Aid Justice Center.

Notwithstanding any provision contained herein, the total liability of Borrower for payment of interest shall not exceed the maximum amount of interest permitted by law to be charged, collected or received from Borrower and, if any payment by Borrower includes interest in excess of such maximum amount, Lender shall apply such excess to the reduction of the unpaid principal amount due pursuant hereto, or, if none is due, such excess shall be refunded to Borrower.

All payments hereunder shall be in lawful money of United States Dollars, without offset, at the Lender's address specified in the first paragraph of this Note or at such other place as Lender shall designate to Borrower in writing, and shall be applied first to outstanding interest obligations and then to principal. Borrower shall have the right to prepay the Installment Payments or, if applicable, the Principal Sum, at any time or times, in whole or in part, without notice, penalty or premium, with such prepayment being applied first, to any unpaid and accrued interest and second, to the outstanding principal amount of this Note.

If, following an Event of Default, the unpaid Principal Sum remains unpaid for more than five (5) business days after Lender makes a written demand for payment thereof, and if legal action is thereafter instituted by Lender to collect such amounts, then Borrower shall pay Lender reasonable attorneys' fees and costs of collection.

Each Obligor (which term shall include each Borrower and all makers, sureties, guarantors, endorsers and other persons assuming obligations pursuant to this Note) hereby waives notice, demand, presentment, protest, notice of dishonor, and other notices, and all defenses and pleas on the grounds of any extension or extensions of the time of payments or the due date of this Note, in whole or in part, before or after maturity, with or without notice. The pleading of any statute of limitations as a defense to any demand against any Obligor is expressly waived.

The Borrower hereby covenants and agrees not to elect a trial by jury of any issue triable of right by a jury, and waives any right to trial by jury fully to the extent that any such right shall now or hereafter exist. This waiver of right to trial by jury is separately given, knowingly and voluntarily, by the Borrower, and this waiver is intended to encompass individually each instance and each issue as to which the right to a jury trial would otherwise accrue. The Lender is hereby authorized and requested to submit this Note to any court having jurisdiction over the

Borrower QHL

subject matter and the Borrower, so as to serve as conclusive evidence of the foregoing waiver of the right to jury trial. Further, the Borrower hereby certifies that no representative or agent of the Lender, including its counsel, has represented, expressly or otherwise, to the undersigned that the Lender will not seek to enforce this waiver of right to jury trial provision.

The Borrower hereby agrees that any action or proceeding under this Note may be commenced against him in any court of competent jurisdiction within the Commonwealth of Virginia, by service of process upon the Borrower by first class registered or certified mail, return receipt requested, addressed to the Borrower at Borrower's address last known to the Lender. The Borrower agrees that any such suit, action or proceeding arising out of or relating to this Note may be instituted in any state court within the Commonwealth of Virginia at the option of the Lender; and the Borrower hereby waives any objection to the venue of any such suit, action or proceeding. Nothing herein shall affect the right of the Lender to accomplish service of process in any other manner permitted by law or to commence legal proceedings or otherwise proceed against the Borrower in any other jurisdiction or court.

> **THE BORROWER HEREBY APPOINTS NICHOLAS COOPER MARRITZ, AS THEIR LAWFUL AND STATUTORY ATTORNEY-IN-FACT, AND GRANTS HIM FULL RIGHT AND POWER OF ATTORNEY TO CONFESS JUDGMENT ON BORROWER'S BEHALF AS SET FORTH HEREIN.**
>
> **THE BORROWER HEREBY AUTHORIZES ANY CLERK OF ANY COURT OF RECORD IN THE COMMONWEALTH OF VIRGINIA TO ENTER JUDGMENT BY CONFESSION AGAINST THE BORROWER IN FAVOR OF THE LENDER FOR THE FULL AMOUNT OF THE INDEBTEDNESS DUE HEREUNDER, TO INCLUDE INTEREST, COSTS AND ATTORNEYS' FEES, EXPRESSLY WAIVING SUMMONS AND OTHER PROCESS, AND DOES FURTHER CONSENT TO THE IMMEDIATE EXECUTION OF SAID JUDGMENT, EXPRESSLY WAIVING THE BENEFIT OF ANY HOMESTEAD OR OTHER EXEMPTION LAWS.**

Payment of this Note shall not be subject to any set-off, by or in the right of Borrower, and Borrower hereby expressly and irrevocably waives any right either may now or at any time in the future have to assert any such set-off.

This Note may be assigned by the Lender (or any other holder hereof), in whole or in part, at any time and from time to time. This Note shall be binding upon the successors and assigns of the Borrower, and shall inure to the benefit of the successors and assigns of the Lender (and any other holder hereof).

THIS INSTRUMENT SHALL BE CONSTRUED ACCORDING TO AND GOVERNED BY THE LAWS OF THE COMMONWEALTH OF VIRGINIA WITHOUT REGARD TO ANY CONFLICTS OF LAW PRINCIPLES OR RULES.

Borrower _QHL_

Exhibit A

IN WITNESS WHEREOF, each Borrower has executed this Note as of the date and year noted below.

Name of Borrower: Mr. Quang Huu Le (o/b/o Huong Dinh Foods, Inc. and himself individually)

_____     6781 Wilson Blvd, Falls Church VA 22044
Signature                                               Address

Date: 2/19/18

Subscribed and sworn to before me this 19th day of February, 2018.

_____
Notary Public

My Commission Expires: 10/31/2020

Borrower QHL